UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:09-cr-87 |
| v. | ) | |
| | ) | JUDGE COLLIER |
| CHARLES E. GREEN and | ) | MAGISTRATE JUDGE CARTER |
| JAMES C. GREEN | ) | |

## **MEMORANDUM AND ORDER**

Defendant, James Calvin Green, through counsel files a Renewed Motion for the Production of all Pertinent Cell Phone Records (Doc 84). For reasons that follow, this motion will be DENIED as Moot.

James Calvin Green also files a Renewed Motion for Disclosure of Identities of Confidential Informants ("CI's")(Doc 85). In his motion he seeks the identity of the CIs as well as their criminal record, including any pending charges or investigations and the nature and extent of any arrangements made with them for their assistance. Charles Green files a Motion for Disclosure of Identities of Confidential Informants in which he adopts and incorporates the motion filed by James Calvin Green (Doc 88). However, he asks for disclosure of two CIs, one of whom, Bubba Sudds, was not the subject of the James Calvin Green motion (Doc 88). For reasons that follow this motion, it will be GRANTED in part and DENIED in part.

The government responded to both motions (Doc 89). First they assert a subpoena was issued to BellSouth "several months ago" for the cell phone records requested. However only recently in response to that subpoena, the government learned BellSouth did not maintain those

records. Defendants did not contest this assertion. I, therefore conclude that portion of the defendants motion requesting those must be DENIED as moot, it appearing the requested records do not exist.

The government responds to the motion to disclose the confidential source, noting they intend to call some of the confidential informants as witnesses and agreeing to identify any such witness in accordance with the discovery and scheduling order. The government further agrees to provide any potentially exculpatory information, from any witness they do not intend to call (Doc 89).

The Court conducted a hearing on these motions on September 17, 2010, at which time Attorneys Scott Winne and Jay Woods appeared for the government; Attorney Russell Leonard represented James Calvin Green and Attorney C. Parke Masterson Jr. represented Charles Green.

The court recessed the hearing to allow the government to determine which CIs were expected to be called as witnesses. After a conference between all attorneys, the Court reconvened and noted for the record that the informants Montana, New Mexico and North Carolina are to be called as witnesses at trial. The Government proposed disclosing the identity of each testifying CI on the Friday preceding the Monday when trial will begin. The trial is scheduled to begin on Monday, October 4, 2010. Both defendants asked for earlier disclosure date. The government agreed to make the disclosure on Wednesday, September 27, 2010, which I conclude is a reasonable compromise.

Generally, the government enjoys the privilege of withholding the identities of individuals who provide information regarding violations of the law. *Roviaro v. United States*, 353 U.S. 53,

59 (1957). This privilege "recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. The privilege is limited, however, by fundamental fairness. *Id*. at 60. The public interest in protecting the flow of information to the government must outweigh a defendant's need for disclosure in the preparation of his defense. *United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir.1991).

The defendant bears the burden of demonstrating how disclosure would substantively assist his defense. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir.1992). However, the Sixth Circuit cautioned that "mere indication [of the right to prepare a defense] does not automatically outweigh the public interest in protecting confidential informants." *Moore*, 954 F.2d at 381, citing *Taylor v. Illinois*, 484 U.S. 400, 414 (1988). Disclosure usually is not required "when the informer was not a participant, but was a mere tipster or introducer." *United States v. Sharp*, 778 F.2d 1182, 1186 n. 2 (6th Cir.1985). And "[i]f the evidence on which the defendant was convicted was obtained personally by the government agents who did testify, the government is not required to produce the [informant]." *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993). Finally, the Sixth Circuit has recognized that the public interest in nondisclosure "is especially important in the enforcement of narcotics laws...because such transactions typically do not involve a complaining witness." *United States v. Elguezabal*, 1999 WL 717978, 188 F.3d 509 (6th Cir. 1999) (Table); *United States v. Lloyd*, 400 F.2d 414, 415 (6th Cir. 1968).

In light of the agreements reached and the law outlined above, I conclude it is a reasonable resolution to order disclosure of the identity of testifying CIs on the Wednesday preceding the Monday trial date along with exculpatory information including the prior records and financial arrangements entered into between each CI and the government if any. To that

extent the Court GRANTS the motions (Doc 84 and 85) IN PART.

The court RESERVES the decision on whether to require disclosure of the identity of two CIs, Alaska and Bubba Suds who are not going to be called as witnesses. Defense Counsel will be allowed 5 days from the date of this hearing to brief this issue and the government shall respond within 3 days. If any party needs additional time they may bring such requests to the attention of the court.

SO ORDERED.

ENTER this the 21st day of September, 2010.

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE